IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD DELLAHOY, )
      Plaintiff )    C.A. No. 15-136 Erie
)
  v. )    District Judge Rothstein
)    Magistrate Judge Baxter
NICOLE SLOANE, et al., )
      Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

### II   REPORT

Plaintiff initiated this *pro se* civil rights action on May 26, 2015, by filing a complaint accompanied by a motion for leave to proceed *in forma pauperis*. [ECF No. 1]. By Order dated June 3, 2015, this Court granted Plaintiff's *in forma pauperis* request and ordered Plaintiff to return to the Clerk of Courts a signed Authorization permitting withdrawal of prison account funds to pay the filing fee. [ECF No. 2]. After Plaintiff failed to comply with this Order, this Court issued an Order on November 24, 2015, requiring Plaintiff to sign and file the required Notice and Authorization form with the Clerk on or before December 14, 2015, or suffer dismissal of this case for failure to prosecute. [ECF No. 13]. Plaintiff has since failed to comply with this Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis

v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends that this action be dismissed for Plaintiff's failure to prosecute. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with two orders of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claims are impossible to determine at this early stage of the proceedings.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d

Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:   February 9, 2016

cc:      The Honorable Barbara Rothstein
         United States District Judge